Judge Robertson
delivered the opinion of the Court.
Humphrey Marshall, as attorney in fact, prosecuted an ejectment for John Fowler to judgment, against Peter Hoofman and others; aommissioners under the occupant acts, made a report of their assessment of improvements, &c. and Marshall, who seems to have been the only active and beneficial party, though not the nominal one, elected to receive the assessed value of the land recovered from Hoof-man. The election was entered on the reaord as well as a deed executed by Marshall, as attorney in fact, and a bond to refund to Hoofman, on the event of his eviction by any other paramount title. Hoofman’s land being valued to $262 50 cents. Marshall agreed to take Reynolds and security for it; and thereupon Reynolds and his security confessed judgment for the amount, and an entry was made releasing Hoofman.
Marshall reversed the case in the cóurt of Appeals, by whose decision the report of the commissioners was quashed. As Hoofman Was witfi others a denfen? dant on the record, Marshall, after the case was remanded, proceeded against him, as well as the others, and procured another assessment which valued Hoof-man’s land at 50 cents an acre more than the former report, for which judgment was rendered against Hoofman in favor of Fowler.
To enjoin this judgment was the principal object of the bill in this case. In his bill, Hoofman, among other things, charges that he had sued Reynolds (of whom he had bought the land) on his bond for title, and expected to recover from him, more than the amount of the first assessment; that pending that suit for mutual accommodation, and to prevent unnecessary litigation, it was agreed between Marshall, Reynolds and himself, that Reynolds should confess judgment to Marshall for the assessed value of the land, and be released from Hoofman, and Hoofman from Marshall; that Reynolds and Ward, as his security, confessed *65 judgment accordingly, and an entry was theieupon made, on the record, releasing Hoofman; that Reynolds had paid part of the said judgment, and the complainant had surrendered to him his bond ior title; but that Fowler and Marshall were prosecuting their. judgment on the last assessment.
Answer of Marshall.
The evidence Subpcena off Fowler not served.
Complainant’s bill dismissed with costs.
Agreement alleged, noí certainly-proved, bat rendered pro bable; effect if proved.
Proper par» ties not made
When a complainant, in chancery, shews good cause for the interposition of the ch ancellor; and an injunction» granted,is perpetuated in part;it ir error to decree costs against him.
*65 Marshall admits thejreceipt of half of the amount of the judgment confessed by Reynolds, and denies the agreement to dismiss the suit as to Hoofman, or to discharge him from liability.
There is no proof except records shewing the reports, judgments and release, mentioned in Hoof-man’s bill.
The subpoena vs. Fowler was not served, but only acknowledged by Marshall, as his attorney in fact.
The circuit court dismissed the bill at complainant’s Cost, and dissolved the injunction, except for the amount received from Reynolds,
Whether the agreement set forth in the bill, is sufficiently proved by the record, it is, somewhat difficult to determine.
If Hoofman released Reynolds on his confessing judgment jto Marshall, we should Incline to the opinion that Marshall’s claim on Hoofman was thereby satisfied, and that he ought not to have proceeded farther against him. This act does not certainly appear, hut fe rendered very probable by the record, and the answer of Marshall.
Reynolds and Ward ought to have been made parties: so that justice might have been done, without other suits. For if they are not responsible to Marshall, Reynolds should certainly be responsible to Hoofman. Hoofman should not pay twice for his land. Fowler too,ought to have been a party; the acknowledgment by Marshall did not make Fowler a party.
As it appears from the record, and from the decree, that Hoofman had good cause for filing his bill and obtaining his injunction, the court erred in giving costs against him, when his injunction was *66 perpetuated for part. There is no proof of any offer by Marshall, to credit the execution for the amount received from Reynolds, before the filing of the bill, as seems to have been supposed by the chancellor; but as Fowler was not before the court, it was erroneous to perpetuate any part of the injunction.
It is the duty of complainonf to make pr-.per parties arid have the process ■executed. When neglected, not cause of absoblute dismissal q£ the bill.
Decree and mandate.
Brown and Triplett, for plaintiffs.
The case was very unskilfully prepared. It was Hoofman’s duty to have process executed on Fowler; and it was his duty to make Reynolds and Ward defendants.
The bill for the cause, however, ought not to have been dismissed absolutely.
- The decree must be reversed and the cause remanded, with directions, that the chancellor may, in his discretion, either dismiss without prejudice or give leave to make Reynolds and Ward defendants, and bring Fowler before the court, so that justice may be at once administered among Ml the parties; and Hoof-man must recover his costs in this court.